UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

THE LEGACY ESTATE GROUP, LLC,   No. 05-14659

Debtor(s).
_____/

Memorandum on Motion for Growers' Committee
_____

In this large winery case, several creditors possessing growers' liens have moved the court for establishment of a Growers' Committee. The proposed committee would represent the interests of grape growers with liens on the inventory of the debtor.

Originally, the motion asked that the committee be an official committee established pursuant to § 1102(a)(2) of the Bankruptcy Code. The court questioned the propriety of this, pointing out that the growers are secured creditors and that the compromise between secured and unsecured creditors built into the Bankruptcy Code is that validly perfected rights of secured creditors are honored in bankruptcy, but the *quid pro quo* is that secured creditors are left to their own devices in protecting and asserting their secured status. It seemed improper to the court that the estate should pay for the expenses of secured creditors enforcing their rights against the estate.

In response to the court's concerns, the growers represented that they were unconcerned about reimbursement from the estate for their expenses and were primarily concerned only with being allowed to be heard as a committee and recognized as an authorized voice for the growers as a whole.

1

It is apparent from the growers' arguments that they do not need to be constituted as an official committee pursuant to § 1102 in order to achieve their goals. Unofficial committees are permitted in Chapter 11 cases, and are afforded all of the standing and rights of official committees save and except the right to be reimbursed without a showing of substantial contribution to the case. See, e.g., *In re Zenith Electronics Corp.*, 329 F.3d 338 (3rd Cir 2003)[unofficial committee has standing to appeal as a committee]; *In re Christian Life Center*, 821 F.2d 1370, 1373n3 (9th Cir. 1987)[unofficial committee of indemnity claimants recognized]. As the court pointed out in *In re Hills Stores Co.,* 137 B.R. 4, 8 (Bkrtcy. S.D.N.Y. 1992), in denying official status to a committee of subordinated bondholders:

> [I]f the subordinated bondholders believe that the cases would be advanced by their taking a more active role, they are not precluded from forming an unofficial committee, retaining counsel and a financial advisor and seeking reimbursement of their expenses to the extent that they make a substantial contribution to the case, as permitted and even envisioned by § 503(b) of the Code.

For the foregoing reasons, the growers' motion for establishment of an official committee will be denied. However, insofar as the motion seeks recognition of an unofficial committee the motion will be granted and the court will order that the Growers' Committee shall have all of the rights of an official committee, including those rights set forth in § 1103(c) of the Code, save and except the right to be reimbursed for its expenses without a showing of substantial contribution to the case. The committee shall establish its own membership and need not obtain court approval for the employment or compensation of any professionals.

Counsel for the Growers' Committee shall submit an appropriate form of order which counsel for the debtor has approved as to form.

Dated: January 20, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge

2