UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

THE LEGACY ESTATE GROUP, LLC,  No. 05-14659

               Debtor(s).
_____/

Memorandum on Motion to Approve Employment of Investment Banker
_____

      The objection of the United States Trustee to the debtor's application to employ Chanin Capital Partners LLC as its investment banker makes several good points. Unfortunately, three realities compel the court to approve the application notwithstanding sound arguments against it.

      The first reality is that the debtor needs the services of an investment banker urgently. There is not enough time, especially considering the deadlines set by the court this day, to renegotiate the agreement or find a different banker.

      The second reality is that the employment is supported by the Creditors' Committee. The adverse aspects of the agreement stand to impact the unsecured creditors the most.

      The third reality is that similar employment agreements have been found to be acceptable by other courts. While the court does not necessarily agree with those courts, nothing in the agreement is so far outside the realm of acceptability as to cause the court to reject the application in these circumstances.

      For the foregoing reasons, the application to employ Chanin will be approved, with two

provisions:

1. Nothing in this approval shall be deemed a modification of Laminar Direct Capital, L.P.'s rights under the cash collateral agreement now in effect; and

2. Notwithstanding any provision in the employment agreement to the contrary, any party may be heard on any matter relating to Chanin's compensation.

Except to the extent addressed above, the objections of the U.S. Trustee and Laminar will be overruled. Counsel for the debtor shall submit an appropriate form of order.

Dated: February 27, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge