UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

THE LEGACY ESTATE GROUP, LLC,						No. 05-14659

                       Debtor(s).
_____/

Memorandum on Counter-Motions re Exclusivity
_____

      The debtor has moved the court for an order extending the time in which it has the exclusive right to propose a plan of reorganization pursuant to § 1121(b) of the Bankruptcy Code. The Creditors' Committee and the principal secured creditor have filed a joint counter-motion to shorten the exclusivity period so that they can file a competing plan even if the debtor were to file a plan within the statutory exclusivity period. This counter-motion is supported by the Growers Committee, meaning that almost all of the constituent interests in the case have lined up against the debtor.

      A party seeking to reduce or increase the exclusivity period has the burden of establishing cause for it. *In re Hoffinger Industries, Inc.,* 292 B.R. 639, 643 (8th Cir. BAP 2003). The transcendent consideration in determining if cause exists is whether the adjustment will facilitate moving the case forward to a fair and equitable resolution. *In re Henry Mayo Newhall Memorial Hospital*, 282 B.R. 444, 453 (9th Cir. BAP 2002). Factors to be considered by the court include the existence of good faith progress, whether the debtor has demonstrated reasonable prospects for a viable plan, and whether the debtor has made progress in negotiating with creditors. *In re Central Jersey Airport Services, LLC,*

1

282 B.R. 176, 184 (Bkrtcy. D.N.J. 2002). The court may also consider wither the motion is motivated by a desire to exert pressure on another party. *Id.*

The counter-motion clearly fails the above tests. It is motivated by a desire to reach an unfair resolution, which is to terminate the interests of the equity ownership by means of a thinly-disguised strict foreclosure, which is abhorrent to a court of equity. It is also brought primarily for the purpose of pressuring the already-harried equity interests. The court rejects it for these reasons.

On the other hand, the equity ownership of the debtor is in real jeopardy of being sold down the river despite any responsibility the court may have to see it treated fairly. When the entire creditor body is united against the debtor, it cannot show reasonable prospects for a viable plan or good progress in negotiating with creditors. The court is fairly certain that unless ownership comes up with a substantial influx of capital very quickly it will see its position eroded beyond the possibility of redemption. It certainly has not met its burden of showing cause for an extension of exclusivity.

For the foregoing reasons, both motions will be denied. Any party may submit an appropriate form of order.

Dated: March 13, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge