UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

THE LEGACY ESTATE GROUP, LLC,                                        No. 05-14659

Debtor(s).
_____/

Memorandum on Cure Amount to Carpy-Conolly
_____

     The debtor has an executory contract with grower Carpy-Conolly LLC for the annual purchase of grapes. The debtor defaulted by failing to pay Carpy for the 2005 crop, but made a motion pursuant to § 365(a) of the Bankruptcy Code to assume the executory contract, agreeing to cure all defaults. Carpy did not object to the motion, but argues now that the cure amount is insufficient because it does not include interest, statutory penalties and attorneys' fees.

     A party to an assumed executory contract is not automatically entitled to attorneys' fees. *I re Westside Print Works, Inc.*, 180 B.R. 557, 564 (9th Cir. BAP 1995). In cases where the parties have agreed in the contract to include attorneys fees to a specified party and recovery is not contingent on prevailing in a dispute (for example, a deed of trust provides that attorneys fees incurred by a beneficiary in protecting its security interest may be added to the obligation), such a provision would require attorneys fees as part of the cure amount. However, where the attorneys' fee provision in a contract provides for an award to the *prevailing* party in case of a *dispute*, such fees are not included in the cure amount. See *Westside Print Works* and cases therein cited, as well as this court's decision in *In*

1

1  *re I-Mind Educ. Systems, Inc.,* 269 B.R. 47 (Bkrtcy.N.D.Cal.2001).

2      In this case, the agreement between the debtor and Carpy requires them to first confer in good

3  faith, then mediate without attorneys, and "[i]f the parties have not resolved the matter, *then and only*

4  *then* shall litigation be allowed and in that event the prevailing party shall be awarded its attorney fees

5  and costs."[emphasis added].  There was no conference and there was no mediation, so under the

6  contract itself there is no right to attorneys fees.  It is hardly necessary to point out that there was also no

7  litigation and no prevailing party.

8      Carpy demands interest at 10%, plus the statutory penalty of 5 percent for the first month and 1

9  percent per month thereafter as specified in  § 55881 of the California Food and Agriculture Code when

10 a payment to a grower is delinquent, for a total interest rate of 26%.  However,  § 365(b)(1)(B)

11 expressly limits compensation to "actual pecuniary loss to such party resulting from such default."  Since

12 federal law governs the amount of compensation and limits it to actual pecuniary loss, the California

13 statute is not applicable.  Accordingly, 10% simple interest is sufficient to comply with § 365(b)(1)(B).

14      Counsel for the debtor shall submit a form of order allowing Carpy 10% simple interest and

15 disallowing Carpy's demands for attorneys' fees and penal statutory interest.

16 Dated:  May 9, 2006

17

18

19                                      Alan Jaroslovsky
                                        U.S. Bankruptcy Judge

20

21

22

23

24

25

26

Case: 05-14659    Doc# 373    Filed: 05/09/06    Entered: 05/09/06 11:49:06    Page 2 of 2