UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

THE LEGACY ESTATE GROUP, LLC,   No. 05-14659

Debtor(s).
_____/

Memorandum on Motion to Convert
_____

Debtor The Legacy Estate Group, LLC, filed its Chapter 11 petition on November 18, 2005. At that time, it was the owner of three large and well-known wineries. John M. Bryan is a creditor of the equity owner of the debtor. He asserts a claim in this case which is contested by the other parties, and appears to be a relatively minor player in this case. He has filed a motion to convert this case to Chapter 7, which is opposed by all the other constituencies. Nonetheless, he argues that conversion is required as a matter of law. The court does not find merit in this argument.

When this case was filed, the debtor was in dire straits. Dozens of grape growers had not been paid, the debtor had little reserves, and the principal secured creditor was in the process of enforcing its security interest. During the case, the parties (including an active Creditors Committee and a Growers Committee) negotiated cash collateral agreements to keep the debtor's wineries operating and hired specialized professionals to assist them in navigating their way in Chapter 11 and marketing the wineries. The wineries have now been sold for some $97 million and escrow has closed; the growers and other major creditors have either been paid in full or otherwise satisfied; and a joint plan of reorganization has been filed by the debtor and the Creditors Committee, which appears to be supported by everyone except Bryan.[1]

---

[1] Bryan seems to think that with a trustee in place he has a better chance of successfully asserting a claim in this case. Bryan holds a note made by the debtor's equity owner. His claim that he is owed anything in this case is vigorously contested by the Creditors Committee.

1

During the course of proceedings to date, the court has approved administrative expenses totaling about $4.6 million. Bryan, who did not object to any of the fee applications, argues that these fees are "extraordinary," that the results of the professionals' efforts was "relatively modest" and that primarily as a result of these fees there has been a continuing loss to or diminution of the estate mandating conversion pursuant to § 1112(b)(1) of the Bankruptcy Code.

The argument that $4.6 million in professional fees is extraordinary for a case of this size is both unproved and disingenuous, as counsel for Bryan is an experienced bankruptcy attorney and knows full well that fees of this size are very ordinary for a case of this size and complexity. The argument that the results are "relatively modest" is likewise unsupported spin which the court does not buy. The parties have turned a case which could have resulted in major losses to local growers and complete disaster to unsecured creditors into a case where growers have been paid, three major wineries have been preserved as going concerns along with the jobs they generate, and the Creditors Committee anticipates a 100% dividend to unsecured creditors under a plan which could be confirmed within a month or two.[2]

Bryan more or less concedes all of the above, but argues that the case must be converted over the objection of all of the major constituencies in the case because the debtor's operating reports, which include the extraordinary expenses associated with the sale, show a loss. This argument is largely a matter of semantics. Whether the court finds that there has been no substantial or continuing loss to or diminution of the estate because the estate has been enhanced overall by the sale, or that there have been such losses but the sale is an "unusual circumstance" which justifies not converting the case, the result is the same: there is no cause to convert this case.

To summarize, the court finds as follows:

---

[2] During the sale process, the court expressed its desire to consummate the sale by liquidating plan rather than under § 363 of the Code. The major parties informed the court that time constraints and other considerations militated against doing the sale under a plan, but that the parties had entered into agreements in return for support of the sale which would make confirmation of a plan quick and easy. The court approved the sale, with virtually unanimous consent, based on these representations. The court therefore has every reason to expect a quick and successful confirmation process.

2

1. The professional fees allowed to date in this case have been reasonable and necessary to consummate a sale of the debtor's major assets.

2. The sale has resulted in substantial enhancement of the estate over and above its condition on the date the case was commenced.

3. There is a reasonable likelihood that the joint plan of reorganization filed by the debtor and the Creditors Committee will be confirmed within a short and entirely reasonable period of time.

4. There has been no substantial or continuing loss to or diminution of the estate.

5. To the extent that the debtor's operating reports are to be blindly considered evidence of continuing loss or diminution, the fact that the parties have completed a complicated and difficult sale which has resulted in a favorable price and ability to confirm a plan with a significant and possibly full dividend to unsecured creditors in very short order is an "unusual circumstance" justifying denial of conversion.

For the foregoing reasons, Bryan's motion will be denied. Counsel for the debtor shall submit an appropriate form of order.

Dated: October 9, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge