UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

THE LEGACY ESTATE GROUP, LLC,                    No. 05-14659

Debtor(s).
_____/

Memorandum on Application for Fees for Growers' Committee
_____

Early in this large winery case, several creditors possessing growers' liens moved the court for establishment of a Growers' Committee. They proposed a committee to represent the interests of grape growers with liens on the inventory of the debtor.

Originally, the motion asked that the committee be an official committee established pursuant to § 1102(a)(2) of the Bankruptcy Code. The court questioned the propriety of this, pointing out that the growers are secured creditors and that the compromise between secured and unsecured creditors built into the Bankruptcy Code is that validly perfected rights of secured creditors are honored in bankruptcy, but the *quid pro quo* is that secured creditors are left to their own devices in protecting and asserting their secured status. It seemed improper to the court that the estate should pay for the expenses of secured creditors enforcing their rights against the estate.

In response to the court's concerns, the growers represented that they were unconcerned about reimbursement from the estate for their expenses and were primarily concerned only with being allowed to be heard as a committee and recognized as an authorized voice for the growers as a whole. Based on

1

1   these representations, the court authorized a Growers Committee with all the rights and powers of an

2   official committee, save and except the right to have its professional fees paid by the estate.

3          Much to the surprise of the court, the Growers Committee is now seeking to have its professional

4   fees paid by the estate.  It is basing its request on  § 503(b)(3)(D) and  § 503(b)(4) of the Bankruptcy

5   Code, which together allow an unofficial committee to recover its reasonable professional fees to the

6   extent it demonstrates a substantial benefit to the case.

7          The court was surprised by the application for two reasons.  First, the same counsel who now

8   seeks compensation from the estate had assured the court when it was being asked to form the committee

9   that compensation from the estate was the last thing on his clients' minds.  Second, although most of the

10  activity in the case has been played out in open court, the court knew of no benefit to the case rendered

11  by the Growers Committee, which had succeeded in obtaining full payment for the growers at the

12  expense of the estate.

13         Counsel for the Growers Committee bases his application for compensation on two arguments:

14  that the existence of the Growers Committee made it easier for the debtor and the other parties to the

15  case to negotiate with the growers, and the Growers Committee kept individual growers in line and

16  dissuaded them from taking different tacks on the way to their common goal of being paid.  While these

17  facts may constitute a small benefit or an incidental benefit, they do not constitute a substantial benefit as

18  required by the Bankruptcy Code.  The Growers Committee, in conjunction with other parties to the case,

19  turned the screws on the debtor to force an early payment of their claims.  They were successful in this,

20  but there was not an ounce of altruism in their actions nor any tangible benefit to anyone other than

21  themselves.

22         A primary objective of § 503(b)(3)(D) is to encourage creditor participation: "Often a creditor

23  will possess both knowledge and resources which, if applied properly, could benefit the estate.  The

24  language of § 503(b)(3) reveals a policy of encouraging creditors to do so." *In re Sedona Institute*, 220

25  B.R. 74, 81 (9th Cir.BAP1998).  The Growers Committee contributed neither special knowledge or

26  resources to the bankruptcy estate.  Its sole activity was obtaining payment for growers.  Self-interest

does not alone prohibit allowance of administrative fees. *In re Cellular 101, Inc.*, 377 F.3d 1092, 1097 (9th Cir. 2004). However, to recover fees from an estate the benefit to the estate must be substantial, not minimal or incidental. *Id.* at 1098; *In re Lister*, 846 F.2d 55, 57 (10th Cir.1988).

In determining whether there has been a "substantial contribution" pursuant to section 503(b)(3)(D), the applicable test is whether the efforts of the applicant resulted in an actual and demonstrable benefit to the debtor's estate and the creditors. *In re Consolidated Bancshares, Inc.,* 785 F.2d 1249, 1253 (5th Cir.1986)*; In re Lister*, 846 F.2 at 57. Counsel for the Growers Committee has established only vague and unquantifiable contributions to the case. At best, those contributions were of incidental and minimal benefit. Accordingly, the application will be denied. Counsel for the debtor shall submit an appropriate form or order.

Dated: November 18, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge

3